# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| CASSANDRA NEWTON,<br>    AKA CASANDRA NEWTON,<br>    AKA CASSANDRA PRATT<br>    LA. DOC #368326<br>VS.<br>WARDEN, AVOYELLES WOMEN'S<br>CORRECTIONAL CENTER | CIVIL ACTION NO. 09-0193<br><br>SECTION P<br><br>JUDGE JAMES<br><br>MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Cassandra Newton, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on February 4, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. She is incarcerated at the Avoyelles Women's Correctional Center, Cottonport, Louisiana. Petitioner attacks the 15 year sentence imposed by the Fourth Judicial District Court, Ouachita Parish following her 2007 conviction for obstruction of justice. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** in accordance with the provisions of Rule 4 of the Rules Governing Section 2254 Cases in the District Court since it plainly appears from the petition and exhibits that petitioner is not entitled to relief.

## *Background*

Petitioner was charged by indictment with second degree murder, arson with intent to defraud, and obstruction of justice. [rec. doc. 1-3, p. 4] She was convicted of obstruction of justice and sentenced to serve ten years. [*Id*.] Thereafter she was adjudicated a third felony offender and sentenced to serve 15 years without benefit of parole. [*Id*., p. 5]

Petitioner appealed raising two assignments of error: (1) the trial court failed to list attempted obstruction of justice as a responsive verdict; and, (2) the trial court increased petitioner's sentence by making a factual determination regarding the underlying criminal proceeding involved with the obstruction of justice charge and in accordance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that determination should have been made by the jury.

On December 19, 2007, the conviction and sentence were affirmed by the Second Circuit Court of Appeals. See *State of Louisiana v. Casandra Pratt Newton*, 42,743 (La. App. 2 Cir. 12/19/2007), 973 So.2d 916. Notice of judgment was provided to counsel but not to petitioner.

Counsel requested additional funds to file an application for *certiorari* in the Louisiana Supreme Court and when petitioner was unable to pay the legal fees, counsel "... abandoned the Petitioner's interest... failed to provide [her] with a copy of the denial and allowed her thirty day filing period to expire..." [rec. doc. 1-3, p. 5]

On January 31, 2008, inmate counsel wrote the Louisiana Supreme Court requesting an extension of time to file an application for writ of *certiorari* on petitioner's behalf. [rec. doc. 5-2, Exhibit 3, p. 30] On February 14, 2008, the Central Staff of the Louisiana Supreme Court acknowledged receipt of inmate counsel's request and advised, "We have received your request for an extension of time to file a writ application in behalf of Cassandra Pratt Newton. You should send the application as soon as you are able, preferably within 60 days from the date of this letter." [rec. doc. 6-2, p. 1]

On March 26, 2008, inmate counsel sent petitioner a copy of the writ application and instructed her to sign, date, and mail the pleading to the Louisiana Supreme Court as soon as possible. [rec. doc. 5-2, Exhibit 4-A, p. 50] On some unspecified date petitioner submitted a writ application. [rec. doc. 5-2, Exhibit 4, pp. 31-49] On January 16, 2009, the writ application was

denied. *State of Louisiana v. Casandra Pratt Newton*, 2008-1147 (La. 1/16/2009), 973 So.2d 916.

Petitioner filed her *habeas corpus* petition on February 4, 2009. She raised a single claim for relief – "The trial court erred in finding that the defendant could be sentenced to more than five years because the finding required the judge to decide facts not found by the jury beyond a reasonable doubt in violation of petitioner's Sixth and Fourteenth Amendment rights under the United States Constitution." [rec. doc. 1-3, p. 7]

## *Law and Analysis*

### *1. Rule 4 Considerations*

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for prompt review and examination of *habeas* petitions by the court and further states, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), the Advisory Committee Notes following Rule 4 state, "...under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

Petitioner has provided a copy of the brief filed on direct appeal to the Second Circuit Court of Appeals and a copy of her application for writs filed in the Louisiana Supreme Court. In addition, she has provided the slip opinion of the Court of Appeals' decision affirming her conviction and sentence. She raises a single claim for relief – "The trial court erred in finding that the defendant could be sentenced to more than five years because the finding required the judge to decide facts not found by the jury beyond a reasonable doubt in violation of petitioner's

3

Sixth and Fourteenth Amendment rights under the United States Constitution." [rec. doc. 1-3, p. 7] That claim was adjudicated on the merits by the State courts.

## 2. *AEDPA Standards for Review*

This petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), therefore federal *habeas corpus* review is governed by the provisions of the AEDPA, specifically 28 U.S.C. § 2254(d)(1) and (2) which define the standard for review.

Under the AEDPA, *habeas* relief is not available to a state prisoner on a claim which was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. §§ 2254(d)(1) and (2).

Questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), while pure questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir.2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001, 149 L.Ed.2d 1004 (2001).

The state court's decision is contrary to federal law within the meaning of § 2254(d)(1) if the state court applies a rule contradicting the governing law set forth in the Supreme Court's cases, or the state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's factual findings constitute "an unreasonable application of clearly

established" Supreme Court precedent if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. The inquiry into the issue of "unreasonableness" is objective. *Id.* at 409-10. A state court's <u>incorrect</u> application of clearly established Supreme Court precedent is not enough to warrant federal *habeas* relief – the application must also be <u>unreasonable</u>. *Id.* at 410-12 (emphasis supplied).

The state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1). In order to obtain *habeas* relief on the ground that the state court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the petitioner must rebut by clear and convincing evidence the presumption that the state court's factual findings are correct. See *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir.2000).

"[U]nder the deferential standard of AEDPA, [federal courts] review only the state court's decision, not its reasoning or written opinion, to determine whether it is contrary to or a misapplication of clearly established federal law." *Catalan v. Cockrell*, 315 F .3d 491, 493 (5th Cir.2002), citing *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir.2002)(*en banc*).

### 3. Merits of the Claim

Petitioner was tried on a three count indictment charging her with second degree murder, arson with intent to defraud, and obstruction of justice by attempting to remove and conceal evidence of arson with intent to defraud and aggravated arson. [rec. doc. 5-2, Exhibit 1, pp. 9 and 11][1] The jury returned verdicts of not guilty on Counts One and Two (second degree murder

---

[1] The undersigned directed petitioner to provide a copy of the charging instrument [rec. doc. 4], however, petitioner's inmate counsel claimed that he does not have a copy of the indictment. [rec. doc. 5, p. 2] Nevertheless, the brief on appeal submitted by petitioner's appellate counsel confirms that the third count of the indictment charged petitioner with "... obstruction of justice by attempting to remove and conceal evidence of arson with intent to defraud and aggravated arson..." and cites Volume 1, page 58 of the State Court Record in support thereof. [see rec. doc. 5-2, Exhibit 1, p. 11]

5

and arson with intent to defraud) but found her guilty as charged of obstruction of justice as set forth in Count Three. [rec. doc. 1-3, pp. 4-5, 7]

Under Louisiana law, the penalty for obstruction of justice is determined by the nature of the underlying criminal proceeding as follows:

> Whoever commits the crime of obstruction of justice shall be subject to the following penalties:
>
> (1) When the obstruction of justice involves a criminal proceeding in which a sentence of death or life imprisonment may be imposed, the offender shall be fined not more than one hundred thousand dollars, imprisoned for not more than forty years at hard labor, or both.
>
> (2) When the obstruction of justice involves a criminal proceeding in which a sentence of imprisonment necessarily at hard labor for any period less than a life sentence may be imposed, the offender may be fined not more than fifty thousand dollars, or imprisoned for not more than twenty years at hard labor, or both.
>
> (3) When the obstruction of justice involves any other criminal proceeding, the offender shall be fined not more than ten thousand dollars, imprisoned for not more than five years, with or without hard labor, or both.

La. R.S.14:130.1(B).

Prior to sentencing, petitioner's counsel "raised the issue of which grade of obstruction of justice" applied. [rec. doc. 5-2, p. 41] The trial concluded that the jury convicted the defendant of

---

Petitioner's *pro se* application for writ of *certiorari* filed on petitioner's behalf by inmate counsel likewise confirms the wording of the third count of the indictment. [See rec. doc. 5-2, Exhibit 4, pp. 41, where inmate counsel alleged on petitioner's behalf, "Prior to sentencing, Defense Counsel raised the issue of which grade of obstruction of justice the Petitioner had been found guilty, as the State had erroneously conjunctively charged with the underlying offenses. At sentencing ... the Trial Judge concluded that the Petitioner had been found guilty of obstruction of justice on both counts, arson with intent to defraud and aggravated arson."]

This fact is further confirmed by the Second Circuit Court of Appeals in the opinion affirming petitioner's conviction and sentence which noted, "Count Three of the bill of indictment charged the defendant as follows: 'On or about 23 of Aug 2003 intentionally, wilfully and unlawfully commit the crime of obstruction of justice by the following, to-wit: attempting to remove and conceal evidence of arson with intent to defraud *and* aggravated arson, contrary to the provisions of R.S. 14:130.1.'"(emphasis in the original) See *State v. Newton*, 42,743 (La. App. 2 Cir. 12/19/2007), **7, 973 So.2d 916, 921.

Petitioner does not contest this fact or suggest that the Second Circuit Court of Appeals and the trial court erred with regard to this statement of fact.

6

obstructing the investigation of both of the underlying offenses mentioned in Count Three of the Indictment – aggravated arson and arson with intent to defraud – since both offenses had been joined conjunctively in the charging instrument. The judge then imposed a sentence consistent with the penalty provision outlined in La. R.S.14:130.1(B)(2) since the penalty for aggravated arson is imprisonment at hard labor for not less than six nor more than 20 years. See La. R.S.14:51.

Petitioner claimed in her appeal and application for *certiorari*, and she continues to claim in this proceeding, that her sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt..."), and, *Ring v. Arizona*, 536 U.S. 584, 602, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (It is impermissible for the trial judge sitting alone to find the presence or absence of aggravating factors in the sentencing phase; therefore if the state makes an increase in the defendant's punishment contingent on the finding of a fact, that fact must be found by the jury beyond a reasonable doubt.)

> The Court of Appeals rejected this claim as follows:
>
> Defendant argues that the trial judge improperly increased her potential maximum penalty by making a factual determination regarding the underlying criminal proceeding involved with the obstruction of justice charge, a determination which, she urges, should have been decided by the jury.
>
> The state contends that the jury made all factual determinations, and the only issue determined by the trial judge was sentencing, which was within its discretion.
>
> This recent jurisprudential holding is instructive:
>
>> [o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

> *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147
> L.Ed.2d 435 (2000).
>
> This case is distinguishable from the *Apprendi* situation, where, after conviction but before sentencing, the district attorney filed a motion for enhanced penalties under a separate statute. After conducting a hearing, the trial judge found that the defendant had indeed acted with a biased purpose, and thus the enhancement statute could be used to increase the defendant's sentence. The Supreme Court held that penalty enhancing findings cannot be made by the trial judge, but the determinations of fact must be submitted to the jury. *Apprendi*, *supra*. In the instant case, the trial court made no factual determinations that would lead to an increase in the maximum sentence imposed upon the defendant.
>
> Count Three of the bill of indictment charged the defendant as follows:
>
> On or about 23 of Aug 2003 intentionally, wilfully and unlawfully commit the crime of obstruction of justice by the following, to-wit: attempting to remove and conceal evidence of arson with intent to defraud *and* aggravated arson, contrary to the provisions of R.S. 14:130.1. (emphasis in original)
>
> \*    \*    \*
>
> The existence of dual sentencing schemes did not change the maximum penalty provided. The trial court was only required to make a determination of the underlying criminal proceedings (as charged in the bill) that were the basis for the obstruction of justice charge. The trial court concluded that the jury convicted the defendant of obstructing the investigation of both offenses (aggravated arson and arson with intent to defraud). We agree. The conjunctive listing of the crimes in Count Three of the bill subjects the defendant to the penalty provisions for either crime, as it appears that the jury decided that the defendant tried to impede the investigations as to each type of arson. No objection was made below seeking to quash Count Three. The defendant was lawfully and appropriately sentenced.

*State v. Newton*, 42,743 (La.App. 2 Cir. 12/19/07) at \*\* 6-9, 973 So.2d at 920-922.

As shown above, in order to prevail on this claim petitioner must demonstrate that the Second Circuit's decision "... was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States..." The Second Circuit's decision was neither contrary to, nor an unreasonable application of either *Apprendi* or *Ring*, because, in the end, it was the jury, and not the trial judge, who determined that the

petitioner was guilty as charged of Count 3 of the Indictment; and, Count 3 charged the petitioner with having obstructed justice <u>by attempting to remove and conceal evidence of arson with intent to defraud *and* aggravated arson.</u>[2]

In other words, and contrary to petitioner's continued assertion, *Apprendi's* requirement that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" was satisfied. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. The fact that needed to be submitted to the jury and proved beyond a reasonable doubt was that petitioner obstructed justice <u>by attempting to conceal evidence of aggravated arson</u>. That was the charge set forth in the indictment and that fact was determined by the jury when it found petitioner guilty as charged on Count 3. In imposing sentence, the trial judge merely applied the appropriate sub-section of La. R.S.14:130.1(B) and nothing more.

*4. Conclusion and Recommendation*

Petitioner must establish that the Second Circuit's opinion on direct appeal resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. She has not made such a showing. Therefore,

**IT IS RECOMMENDED** that the instant petition for writ of *habeas corpus* be **DISMISSED WITH PREJUDICE** pursuant to the provisions of Rule 4 since it plainly appears from the face of the petition and exhibits that the petitioner is not entitled to relief .

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and

---

[2] Petitioner argues "... there is no indication in the record that the jury ever saw the indictment in this case..." [rec. doc. 1-3, p. 10], however, it must be presumed that the indictment was read to the jury at the commencement of trial as mandated by La. C.Cr.P. art. 765(2).

Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, August 10, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE